96 Cal.Rptr.2d 914 (2000)
81 Cal.App.4th 671
The PEOPLE, Plaintiff and Respondent,
v.
William J. VELASQUEZ, Defendant and Appellant.
No. B135939.
Court of Appeal, Second District, Division Six.
June 14, 2000.
Rehearing Granted July 12, 2000[*].
Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Senior Assistant Attorney General, John R. Gorey, Supervising Deputy Attorney General, Hye Y. Yang, Deputy Attorney General, for Plaintiff and Respondent.
GILBERT, P.J.
When does the superior court do unnecessary work? When it prepares a full record in response to a notice of appeal after a guilty plea without a certificate of probable cause.
Appellant failed to comply with Penal Code section 1237.5 and California Rules *915 of Court, rule 31(d).[1] We therefore dismiss his appeal.

Procedural History
Defendant William J. Velasquez entered a plea of guilty to a violation of section 289, subdivision (a), forcible genital penetration by foreign object. There was no agreement as to sentence. He received the middle term of six years in state prison.
Velasquez filed a notice of appeal from his "conviction and sentencing." The notice of appeal did not state it was based solely upon grounds occurring after the entry of plea or involving the denial of a motion to suppress brought pursuant to section 1538.5. Velasquez did not file a written statement, executed under oath or penalty of perjury, showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. Nor did he obtain a certificate of probable cause for the appeal from the trial court.
Nevertheless, the superior court clerk's office went to needless effort. It prepared a complete clerk's transcript and ordered four different court reporters to prepare a transcript. The court certified the record of more than 300 pages and transmitted it to this court.
Because Velasquez is indigent, we appointed counsel. Counsel on appeal reviewed the record and concluded the case does not present any valid legal issues. He requests that we independently review the "entire record" on appeal for arguable issues pursuant to People v. Wende (1979) 25 Cal.3d 436, 158 Cal.Rptr. 839, 600 P.2d 1071 (hereafter Wende). We offered Velasquez an opportunity to file additional briefing if he so desired. We then independently reviewed the record and concluded there was no sentencing error. We also discovered the defective notice of appeal in the clerk's transcript.

Discussion
Relying on People v. Panizzon (1996) 13 Cal.4th 68, 51 Cal.Rptr.2d 851, 913 P.2d 1061, the People argue that the appeal must be dismissed because review of alleged sentencing error after a plea requires a certificate of probable cause to appeal. In Pannizon, our Supreme Court held "a [constitutional] challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself and requires a certificate of probable cause to appeal. (Id., at p. 79, 51 Cal.Rptr.2d 851, 913 P.2d 1061, italics added; accord, People *916 v. Young (2000) 77 Cal.App.4th 827, 832, 91 Cal.Rptr.2d 916 [a challenge to the constitutionality of the maximum sentence also requires a certificate].)
But here, there was no agreement for a specific sentence nor a challenge to the constitutionality of the sentence. The plea left the sentence to the discretion of the court. A properly drafted notice of appeal may challenge the exercise of that discretion. Under the People's reasoning, every appeal of sentencing discretion is an attack on the plea which would require a certificate. That is not the law.
Velasquez contends that Wende requires our independent review. But the appeal in Wende followed a trial, not a guilty plea. Section 1237.5 and rule 31(d) did not bar review of the merits in that case as they do here. "[A]s a general matter, a judgment of conviction entered on a defendant's plea of guilty or nolo contendere does not present any issue warranting relief on appeal, and hence should not be reviewed thereon." (People v. Mendez (1999) 19 Cal.4th 1084, 1097, 81 Cal.Rptr.2d 301, 969 P.2d 146.)
Here, however, the notice of appeal challenges both the conviction and the sentence and requests preparation of a record including all motions, rulings, and exhibits, even though there were no motions made or exhibits offered after the entry of the plea. The resulting reporter's transcript included all proceedings beginning with the arraignment and included a hearing on a defense motion for discovery. Although the notice mentioned Velasquez's request that counsel file a notice of appeal of "sentencing issues," the notice also sought review of the underlying conviction. This, no doubt, accounted for the clerk's needless efforts.
If, as Velasquez now contends, he did not intend to attack the validity of his plea, a properly drafted notice of appeal would have alerted the superior court that preparation of a record of the events occurring before the plea was unnecessary. In People v. Lloyd (1998) 17 Cal.4th 658, 665, 72 Cal.Rptr.2d 224, 951 P.2d 1191, a notice of appeal was deemed sufficient where it contained the handwritten notation: "Rule 31(d)" and in a printed sentence: "Defendant hereby appeals from the judgment...." The printed word "judgment" was crossed out and the handwritten word "sentence" appeared above it. The notice of appeal in that case alerted all concerned that the appeal did not challenge the validity of the plea and that preparation of a full record was unnecessary. Should we overlook the defective notice of appeal here we would effectively abrogate section 1237.5 and rule 31(d).
Because Velasquez pled guilty and did not file the documents required by the Penal Code and Rules of Court, his appeal is "inoperative" and a review of the entire record by this court is inappropriate. Under these circumstances, there was no need for preparation of the record on appeal and the appointment of appellate counsel, much less consideration and decision of the appeal itself. (People v. Mendez, supra, 19 Cal.4th at p. 1095, 81 Cal. Rptr.2d 301, 969 P.2d 146.)
The trial court may employ the assistance of its staff in evaluating the sufficiency of filed documents. But it has the responsibility to enforce section 1237.5 and rule 31(d). (See Code Civ. Proc., § 128, subd. (a)(5).) The court has the power to control conduct of its ministerial officers. This, in turn, promotes judicial economy. A court of appeal should not have to conduct an independent review of the record to determine that independent review is unnecessary. That is what we did here. The Legislature did not intend that we shoulder this burden. When a superior court receives a notice of appeal and appellant fails to comply with section 1237.5 and rule 31(d), it should not prepare a record and certify it to this court.
The appeal is dismissed.
YEGAN, J., and COFFEE, J., concur.
NOTES
[*] Opinion on rehearing not for publication Aug. 3, 2000.
[1] All unspecified section references are to the Penal Code and all rule references are to the California Rules of Court.

Section 1237.5 states in pertinent part: "No appeal shall be taken by the defendant from a judgment of conviction [in the superior court] upon a plea of guilty or nolo contendere ... except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury[,] showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal..."
Rule 31(d) states, in its first paragraph: "If a judgment of conviction is entered upon a plea of guilty or nolo contendere [in the superior court], the defendant shall, within 60 days after the judgment is rendered, file as an intended notice of appeal the statement required by section 1237.5 ... but the appeal shall not be operative unless the trial court executes and files the certificate of probable cause required by that section. Within 20 days after the defendant files the statement the trial court shall execute and file either a certificate of probable cause or an order denying a certificate and shall forthwith notify the parties of the granting or denial of the certificate."
Rule 31 (d) states in its second paragraph: "If the appeal from a judgment of conviction entered upon a plea of guilty or nolo contendere [in the superior court] is based solely upon grounds (1) occurring after entry of the plea which do not challenge its validity or (2) involving a search or seizure, the validity of which was contested pursuant to section 1538.5 ... the provisions of section 1237.5 ... requiring a statement by the defendant and a certificate of probable cause by the trial court are inapplicable, but the appeal shall not be operative unless the notice of appeal states that it is based upon such grounds."