Filed 7/13/21  P. v. Potts CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B307014 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA460962) |
| v. | |
| TIMOTHY POTTS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Renee F. Korn, Judge. Dismissed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior

Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and J. Michael Lehmann, Deputy Attorney General, for Plaintiff and Respondent.

———————————————

Defendant and appellant Timothy Potts appeals the trial court's imposition of sentence at a resentencing hearing following his plea of no contest to a single count of custodial possession of a weapon.  (Pen. Code, § 4502, subd. (a).)[1]

In his opening brief, Potts argued that he was not required to obtain a certificate of probable cause because his contentions on appeal pertained to the sentence imposed and did not challenge the validity of the plea.  The People disagreed and moved to dismiss the case.  Based on Potts's representation of the substance of his contentions in his opposition, our presiding justice denied the People's motion to dismiss.

Upon further review, we conclude that neither Potts's argument with respect to the necessity of a certificate of probable cause in the opening brief nor his opposition to the motion to dismiss accurately reflects his substantive arguments.  We conclude that Potts's arguments on appeal attack the validity of the plea.  Because Potts did not obtain a certificate of probable cause, we dismiss the case.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

# PROCEDURAL HISTORY

Potts was charged with two counts of custodial possession of a weapon (§ 4502, subd. (a)), which occurred on August 23, 2017 (count 1), and October 13, 2017 (count 2), in Superior Court of Los Angeles County Case No. BA460962. It was further alleged that Potts had been convicted of eight prior felonies.

Potts was separately charged with a third count of custodial possession of a weapon (§ 4502, subd. (a)), occurring on December 25, 2017 (count 1), in Superior Court of Los Angeles County Case No. BA466704. The information alleged that Potts had been convicted of ten prior felonies, including three serious and/or violent felonies within the meaning of the three strikes law. (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d).)

Potts accumulated these custodial charges while he was awaiting trial in Superior Court of Los Angeles County Case No. YA094029 (the Inglewood case),[2] in which he was charged with inflicting corporal injury upon a person with whom he had a dating relationship, following a prior domestic violence conviction (§ 273.5, subd. (f)(2) [count 1]), criminal threats (§ 422, subd. (a) [count 2]); dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1) [count 3]); and six counts of attempting to dissuade a witness (§ 136.1, subd. (a)(2) [counts 4–9]). In the Inglewood case, it was alleged that Potts had suffered two prior strike convictions within the meaning of the three strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and two serious felony

---

[2] We take judicial notice of Division Two of the Second District of the Court of Appeal's unpublished opinion in *People v. Potts* (May 3, 2019, B290757), in which Potts appealed the Inglewood case.

convictions (§ 667, subd. (a)(1)), and had served five prior prison terms (§ 667.5, subd. (b)).

Case No. BA460962 and Case No. BA466704 were consolidated under Case No. BA460962, charging a total of three counts of custodial possession of a weapon. Potts then pleaded no contest to two of the three section 4502, subdivision (a) charges. The prosecution committed in its plea offer to one of two possible resolutions, depending on the sentence Potts ultimately received in the then pending Inglewood case. If Potts was sentenced to more than 20 years in the Inglewood case, the prosecution in this case agreed to dismiss two of the three custodial possession of a weapon charges. Potts would receive a term of two years for a single section 4502, subdivision (a) conviction, doubled to four years pursuant to the three strikes law, to be served consecutive to the Inglewood sentence. If Potts was sentenced to a term of less than 20 years in the Inglewood case, the prosecution would dismiss only one of the custodial possession of a weapon charges, and Potts would be sentenced to two consecutive sentences of one-third of the mid-term sentence for a violation of section 4502, subdivision (a) (i.e., two years).

In either case, the trial court would hold a *Romero*[3] hearing at the time of sentencing. The trial court agreed that in the event that Potts's sentence was over 20 years in the Inglewood case, it would exercise its discretion to strike his prior strike convictions in Case No. BA460962, and impose the low term of two years, to be served consecutively to the sentence in the Inglewood case.

---

[3] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 [trial court has discretion to strike an allegation or vacate a finding under the three strikes law in the interests of justice].

In the Inglewood case, the jury found Potts guilty of inflicting corporal injury upon a person with whom he had a dating relationship, with a prior domestic violence conviction (§ 273.5, subd. (f)(2) [count 1]), and six counts of attempting to dissuade a witness (§ 136.1, subd. (a)(2) [counts 4–9]). He was acquitted in counts 2 and 3. In a bifurcated proceeding, the court found the priors allegations to be true. The court struck one of Potts's prior convictions with respect to counts 5 through 9, but declined to strike any prior strikes with respect to count 4. The court in the Inglewood case sentenced Potts to 25 years to life in count 4, plus two 5-year terms pursuant to section 667, subdivision (a)(1); two years in count 1; and five terms of 16 months each in counts 5 through 9.

On June 15, 2018, the trial court sentenced Potts in Case No. BA460962 to the low term of two years, doubled pursuant to the three strikes law to four years to be served "concurrent to any other time".

On February 7, 2020, the Department of Corrections and Rehabilitation filed a letter informing the court that section 4502 required that the sentence in Case No. BA460962 be served consecutively to the sentence in the Inglewood case, not concurrently.

On August 4, 2020, Case No. BA460962 was called for resentencing. The resentencing court struck the strike convictions, and imposed a total sentence of two years rather than four years, based upon its understanding that the judge who accepted Potts's plea had agreed to strike any strike convictions and sentence him to a total term of two years. The two-year term was ordered to be served consecutively to the term in the Inglewood case.

5

Potts appealed from the judgment following resentencing, without first obtaining a certificate of probable cause. In his opening brief, he argued that a certificate of probable cause was not required.

The People moved to dismiss the case, and Potts opposed the dismissal. In an order dated February 8, 2021, our presiding justice summarily denied the People's motion.

## DISCUSSION

"Under section 1237.5 and rule 31(d) of the California Rules of Court, no appeal may be taken by a defendant from a judgment of conviction upon a plea of guilty or nolo contendere except where a certificate of probable cause is filed-unless the appeal deals with search and seizure issues, or is based on grounds 'occurring after entry of the plea which do not challenge its validity.' (Rule 31(d).)" (*People v. Young* (2000) 77 Cal.App.4th 827, 829, fn. omitted.) Our Supreme Court has held that "a challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself. . . . [It is] incumbent upon defendant to seek and obtain a probable cause certificate in order to attack the sentence on appeal. (§ 1237.5.)" (*People v. Panizzon* (1996) 13 Cal.4th 68, 79.)

"The requirements of section 1237.5 and the first paragraph of rule 31(d) must be strictly applied. (*People v. Mendez*[ (1999)] 19 Cal.4th [1084,] 1098-1099.) The Supreme Court has disapproved the practice of applying the rule loosely in order to reach issues whose consideration would otherwise be

precluded.  (*Ibid.*)" (*People v. Cole* (2001) 88 Cal.App.4th 850, 860, fn. omitted (*Cole*).)

"A strict application of section 1237.5 works no undue hardship on defendants with potentially meritorious appeals. The showing required to obtain a certificate is not stringent. Rather, the test applied by the trial court is simply 'whether the appeal is clearly frivolous and vexatious or whether it involves an honest difference of opinion.' [Citation.]  Moreover, a defendant who files a sworn statement of appealable grounds as required by section 1237.5, but fails to persuade the trial court to issue a probable cause certificate, has the remedy of filing a timely petition for a writ of mandate. [Citations.]  Thus, if he complies with section 1237.5, a defendant has ample opportunity to perfect his appeal.  Since a guilty or no contest plea to a felony charge 'admits all matters essential to the conviction' [citations], it is not unreasonable to insist on such compliance in order to identify frivolous or vexatious appeals. [Citations.]" (*Cole*, *supra*, 88 Cal.App.4th at p. 860, fn. 3.)

## Analysis

In his opposition to the People's motion to dismiss and in the opening brief, Potts argued that it was not necessary for him to obtain a certificate of probable cause because his challenge concerned the sentence and did not go to the validity of the plea. Potts cited to the italicized portion of the following statement by the prosecutor at the plea colloquy: "if [the sentence in the Inglewood case is] less than 20 [years], then he'll remain convicted on two charges [for violation of section 4502, subdivision (a)].  *And by law they're consecutive, one third the*

*midterm*."[4]  Potts suggested that, in light of this statement, he "could readily have believed that the sentence would be a consecutive sentence of one-third of the mid-term, i.e., 1 year."[5] Potts asserted that because the trial court did not impose the

[4] Section 1170.1, subdivision (a), provides in pertinent part: "Except as otherwise provided by law, and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1.  The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses."

[5] Although it does not affect our disposition, we note that the prosecutor's statement was dependent upon Potts having been sentenced to *less than* 20 years in the Inglewood case, an eventuality that did not occur.  It is abundantly clear from the transcripts that Potts understood he was agreeing to a specific sentence of two years in prison, if, as was the case, he was sentenced to *more than* 20 years in prison in the Inglewood case. And, in fact, Potts does not dispute that was the agreement in his substantive arguments in the opening brief.

agreed-upon sentence, he was not challenging the plea, but instead contesting the sentence imposed—a challenge that does not require a certificate of probable cause.  Based on this representation, our presiding justice denied the People's motion to dismiss.

This argument does not faithfully represent Potts's contentions on the merits.  In the opening brief, Potts argues that the agreed-upon sentence was unauthorized pursuant to the relevant sentencing statutes:  "[I]gnoring the law, and the 'one-third mid term' statement, the parties agreed that, if [Potts] received more than 20 years in the Inglewood case, he would receive a consecutive sentence of 2 years, the low term on count 1."  Potts further argues on the merits that the trial court was required by statute to impose the term as part of an aggregate sentence with the Inglewood case—something that the parties never agreed to in the plea colloquy.

These two arguments that Potts now makes are not arguments that the trial court failed to sentence him consistent with his plea agreement; rather, they are in substance arguments that the plea agreement the parties reached is invalid because the statutory provisions raised, if implemented, would require a different calculation of length of his imprisonment.  Potts agreed to a specific term of two years in state prison, to be served consecutively to the sentence in the Inglewood case.  That is the sentence that the trial court imposed.  If Potts had concerns about how the additional two years was structured, or believed that the additional time to be imposed beyond his sentence in the Inglewood case contravened statutory mandates, these were issues that he had the opportunity to raise before the entry of his plea.  The issues he seeks to raise now go to the validity of the

plea agreement itself.  Because Potts did not obtain a certificate of probable cause to raise these challenges on appeal, Potts may not now argue that the agreement should have been for a term of one year as part of an aggregate sentence with the Inglewood case.

## DISPOSITION

The case is dismissed.


MOOR, J.

We concur:


BAKER, Acting P.J.


KIM, J.