Filed 5/30/14  P. v. Robinson CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VIRGIL EARL ROBINSON,<br><br>    Defendant and Appellant. | A139116<br><br>(Alameda County<br>Super. Ct. Nos. 46758, 427614,<br>446399, 453236)<br><br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the unpublished opinion filed herein on April 30, 2014, be modified as follows:

On page 8, in the second sentence of the first paragraph, the citation to *People v. Clytus* (2012) 209 Cal.App.4th 1001 is deleted.  (See *People v. Scott*,  2014 Cal. Lexis 3600, *20.) The sentence now reads:  "Moreover, as we see it, his implied argument the trial court lacked the authority to impose a state prison sentence after passage of the Realignment Act is the functional equivalent of Shelton's argument that his sentence, which violated section 654's ban against multiple punishments, was unauthorized."

This modification does not change the judgment.

The petition for rehearing is denied.

Dated: _____          _____ Acting P.J.

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VIRGIL EARL ROBINSON,<br><br>    Defendant and Appellant. | A139116<br><br>(Alameda County<br>Super. Ct. Nos. 46758, 427614,<br>446399, 453236) |

**INTRODUCTION**

Defendant Virgil E. Robinson appeals from a four-year state prison sentence imposed as part of a negotiated disposition that included his guilty plea to a violation of Health and Safety Code section 11351.5, the dismissal of numerous other charges and cases against him, dismissal of the case against his codefendant, and an appeal waiver. His sole contention on appeal is that a state prison sentence for possession of crack cocaine for sale is either unauthorized or a clerical error, and he must instead be sentenced to county jail pursuant to the Criminal Justice Realignment Act of 2011 (hereafter Realignment Act, or Act) (Stats. 2011, 1st Ex. Sess. 2011-2012, ch. 12, § 1; codified at Pen. Code, § 1170, subd. (h)).[1]  Defendant's claim is barred by his failure to obtain a certificate of probable cause, as well as by his appeal waiver.  We therefore dismiss the appeal.

---

[1]  Unless otherwise indicated, statutory references are to the Penal Code.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

On December 18, 2012, San Leandro police officers stopped a car driven by defendant for a traffic violation. Codefendant Moniqua Smiley was a passenger. The officers smelled the odor of marijuana emanating from the car, discovered defendant was on probation, and conducted a search of defendant, codefendant, and the car. The officers found controlled substances in their possession.

The arrests resulted in the filing of a complaint charging defendant and Ms. Smiley with possession for sale of cocaine base; transportation of cocaine base; possession for sale of powder cocaine; and possession for sale of heroin. (Health & Saf. Code, §§ 11351.5 (count 1), 11352, subd. (a) (count 2), 11351 (counts 3 & 4).) As to defendant, the complaint also alleged five prior convictions, including one for violation of Health and Safety Code section 11351.5, one for violation of Health and Safety Code section 11351, and two prior prison terms. (§ 667.5, subd. (b).) Defendant's total incarceration exposure was approximately 16 years.

On January 8, 2013, defendant entered into a negotiated disposition. In exchange for his plea of no contest to count one, possession of cocaine base for sale, defendant agreed to a sentence of "four years in state prison." The remaining three counts of the complaint were dismissed and the five prior convictions and allegations were stricken. The four-year sentence would be eligible for half-time credits, which would run from December 18, 2012. After being released from prison, defendant would be on parole for up to three years. In addition, sentencing was to be continued for four months to May 2, 2013, defendant's phone was to be returned to Ms. Smiley, defendant's existing felony probation was to be revoked and restored following his admission of a probation violation, two existing misdemeanor probation matters would be terminated, and a pending misdemeanor matter would be either not charged or dismissed. In response to

---

[2] The facts are drawn from the probation report.

defendant's statement that he did not want to be on probation and parole, the court explained that defendant's 2009 felony probation would expire before defendant finished his prison sentence. Finally, the charges against Ms. Smiley were dismissed.

Defendant was informed of, and waived, his constitutional rights and his right to appeal. Specifically, defendant was informed: "You also would normally, if the case did proceed further, you'd have a right to appeal. If you thought something occurred that was erroneous, if the case went to trial, you could appeal. But by entering this plea, you're waiving that right. Do you understand that?" Defendant replied, "Yeah." Defendant also waived his right to a contested probation violation hearing.

That same day, defendant also initialed and signed a "Felony Advisement of Rights, Waiver and Plea Form" indicating the court would impose a "total **State Prison** term of 4 years and 0 months," and that defendant "hereby waive[s] and give[s] up my right to appeal." (Bold in original.)

Defendant was sentenced as promised on May 2, 2013. He admitted a violation of his felony probation, and that probation was revoked and restored on the same terms and conditions, with the understanding that it would run its course and terminate probably sometime in September 2013 while he was in prison. The two misdemeanor probation dockets and the pending misdemeanor matter were dismissed. The court signed an order allowing the police to release defendant's phone to Ms. Smiley.

On June 3, 2013, defendant filed a notice of appeal from a contested violation of probation "requesting probation credits from felony probation NO. H467588 from June [1,] 2009 until Dec[ember] 18, 2012." It was accompanied by a request for certificate of probable cause complaining, among other things, his sentence fell under the Criminal Justice Realignment Act.

On June 24, 2013, defendant filed a second notice of appeal challenging the validity of the plea or admission and asking for recall of the commitment. In the accompanying request for certificate of probable cause, defendant requested his sentence

3

be recalled because he had under two years remaining on it and California prisons and jails were looking for ways to reduce overcrowding by G.P.S. monitoring, rehabilitation programs, and early release.

By statement of decision dated June 26, 2013, the trial court denied the requests for certificate of probable cause, concluding that "defendant expressly waived his right to appeal, and even if he had not waived his rights, the record is devoid of any non-frivolous and meritorious grounds for appeal."

## DISCUSSION

Defendant argues he should have been sentenced to county jail pursuant to the Realignment Act (§ 1170, subd. (h)) because Health and Safety Code section 11351.5 specifies imprisonment in the county jail[3] and the record does not demonstrate defendant suffered any felony conviction or other disabling condition which would disqualify him

---

[3]  Health and Safety Code section 11351.5 provides:

"Except as otherwise provided in this division, every person who possesses for sale or purchases for purposes of sale cocaine base which is specified in paragraph (1) of subdivision (f) of Section 11054, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code for a period of three, four, or five years."

Penal Code section 1170, subdivision (h) provides, as relevant here:

"*(2)* Except as provided in paragraph (3), a felony punishable pursuant to this subdivision shall be punishable by imprisonment in a county jail for the term described in the underlying offense. [¶] *(3)* Notwithstanding paragraphs (1) and (2), where the defendant (A) has a prior or current felony conviction for a serious felony described in subdivision (c) of Section 1192.7 or a prior or current conviction for a violent felony described in subdivision (c) of Section 667.5, (B) has a prior felony conviction in another jurisdiction for an offense that has all the elements of a serious felony described in subdivision (c) of Section 1192.7 or a violent felony described in subdivision (c) of Section 667.5, (C) is required to register as a sex offender pursuant to Chapter 5.5 (commencing with Section 290) of Title 9 of Part 1, or (D) is convicted of a crime and as part of the sentence an enhancement pursuant to Section 186.11 is imposed, an executed sentence for a felony punishable pursuant to this subdivision shall be served in state prison. [¶] *(4)* Nothing in this subdivision shall be construed to prevent other dispositions authorized by law, including pretrial diversion, deferred entry of judgment, or an order granting probation pursuant to Section 1203.1. [¶] *(5)* The court, when imposing a sentence pursuant to paragraph (1) or (2) of this subdivision, may commit the defendant to county jail as follows: [¶] (A) For a full term in custody as determined in accordance with the applicable sentencing law. [¶] (B) [¶] . . . [¶] *(6)* The sentencing changes made by the act that added this subdivision shall be applied prospectively to any person sentenced on or after October 1, 2011."

4

from a county jail sentence under the statute.  He argues the state prison sentence is not a material term of the plea bargain but instead must be either an unauthorized sentence or a clerical error based on an outdated pre-printed court form that did not include a space for post-Realignment sentencing, correctable on this appeal. The Attorney General asserts that defendant's appeal is inoperable because he did not obtain a certificate of probable cause from the trial court after pleading guilty, and because he waived his right to appeal. Defendant responds "[he] does not believe that the provisions of section 1170(h) can be bargained away by the parties or deviated from by the trial court.  Even if they could be . . . the record does not bear out that the prosecution bargained for such a deviation." Defendant reasons:  since the state prison sentence was not a material part of the plea bargain, he was not required to obtain a certificate of probable cause in order to appeal; since the error occurred at sentencing, the appeal waiver did not apply to bar this appeal. We disagree.

Penal Code section 1237.5 provides:  "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

California Rules of Court, rule 8.304 implements section 1237.5 and further provides in relevant part: "(1) To appeal from a judgment or an appealable order of the superior court in a felony case--other than a judgment imposing a sentence of death--the defendant or the People must file a notice of appeal in that superior court. To appeal after a plea of guilty or nolo contendere or after an admission of probation violation, the defendant must also comply with (b). [¶] . . . [¶] (b) . . . [T]o appeal from a superior court judgment after a plea of guilty or nolo contendere or after an admission of probation

5

violation, the defendant must file in that superior court--with the notice of appeal required by (a)--the statement required by Penal Code section 1237.5 for issuance of a certificate of probable cause. [¶] (2) Within 20 days after the defendant files a statement under (1), the superior court must sign and file either a certificate of probable cause or an order denying the certificate. [¶] (3) If the defendant does not file the statement required by (1) or if the superior court denies a certificate of probable cause, the superior court clerk must mark the notice of appeal "Inoperative," notify the defendant, and send a copy of the marked notice of appeal to the district appellate project. [¶] (4) The defendant need not comply with (1) if the notice of appeal states that the appeal is based on: [¶] (A) The denial of a motion to suppress evidence under Penal Code section 1538.5; or [¶] (B) Grounds that arose after entry of the plea and do not affect the plea's validity. [¶] (5) If the defendant's notice of appeal contains a statement under (4), the reviewing court will not consider any issue affecting the validity of the plea unless the defendant also complies with (1)." (See also, *People v. Lloyd* (1998) 17 Cal.4th 658, 663-664; *People v. Panizzon* (1996) 13 Cal.4th 68, 75; *People v. Jones* (1995) 10 Cal.4th 1102, 1106-1107, disapproved on another point in *In re Chavez* (2003) 30 Cal.4th 643, 656.)

The critical issue in determining whether a certificate of probable cause is required to perfect a guilty plea appeal is whether the defendant's appeal challenges the validity of the plea itself. The California Supreme Court has considered in several cases whether a defendant's appellate contentions essentially challenged the validity of the guilty plea. In *People v. Panizzon, supra,* 13 Cal.4th 68, the defendant entered a plea to several offenses with a sentence of life plus 12 years with the possibility of parole. (*Id.* at p. 73.) On appeal, the defendant argued "his sentence was disproportionate to the sentences imposed upon his codefendants and thereby [was] violative of the federal and state constitutional prohibitions against cruel and unusual punishment." (*Id.* at p. 74, fn. omitted.) The court concluded that a certificate was required, because "a challenge to a negotiated sentence

6

imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself." (*Id.* at p. 79.)

In *People v. Shelton* (2006) 37 Cal.4th 759 (*Shelton*), the defendant entered a plea to two charges under an agreement that his sentence would not exceed a certain maximum, or "lid." (*Id.* at p. 764.) The maximum sentence was achieved by imposing consecutive sentences. At sentencing, the defendant argued the court was without authority to impose the agreed-upon maximum because it violated section 654. (*Id.* at p. 765.) The California Supreme Court concluded that, while the defendant's plea agreement had reserved the right to argue for a sentence below the lid, he had not reserved the right to challenge the lid sentence itself under section 654. Accordingly, the defendant needed a certificate to renew his section 654 argument on appeal. (*Id.* at pp. 768-769.) Similarly, in *People v. Young* (2000) 77 Cal.App.4th 827, "the defendant pled no contest to all charges and admitted 'strike' allegations in return for a sentence lid of 25 years to life and reservation of the right to ask the trial court to dismiss one or more of the 'strikes.' When the trial court declined to dismiss any of the 'strikes' and imposed the lid sentence, the defendant argued on appeal that the sentence violated constitutional prohibitions against cruel and unusual punishment. The Court of Appeal dismissed the appeal because defendant had not secured a certificate of probable cause. The court explained: 'By arguing that the maximum sentence is unconstitutional, [the defendant] is arguing that part of his plea bargain is illegal and is thus attacking the validity of the plea.' " (*Shelton, supra*, 37 Cal.4th at p. 770, quoting from *People v. Young, supra,* 77 Cal.App.4th at p. 832.) Both courts dismissed the defendants' appeals. (*Shelton*, at p. 771; *Young*, at p. 834.)

On the other hand, no certificate is required when a defendant has reserved his right to argue that a lower term was more reasonable, despite agreeing that a higher maximum term could be imposed. (*People v. Buttram* (2003) 30 Cal.4th 773, 787.)

In our view, the case before us is governed by the analysis in *Shelton*. Although defendant characterizes his contention as sentencing error, it is in fact an attack on the validity of the plea bargain itself, which called for a state prison sentence, notwithstanding section 1170, subdivision (h). Moreover, as we see it, his implied argument the trial court lacked the authority to impose a state prison sentence after passage of the Realignment Act (*People v. Clytus* (2012) 209 Cal.App.4th 1001) is the functional equivalent of Shelton's argument that his sentence, which violated section 654's ban against multiple punishments, was unauthorized. Defendant cites no case for the proposition that the parties to a plea agreement cannot bargain for an unauthorized sentence. Indeed, case law generally bars such appellate challenges. "Where the defendants have pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction." (*People v. Hester* (2000) 22 Cal.4th 290, 295.) "The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process." (*Ibid.*) Defendant does not allege the court lacked fundamental jurisdiction. In our view, these principles should apply to the provisions of section 1170, subdivision (h), just as they do to the provisions of section 654.

Furthermore, here, as in *Shelton*, defendant could have bargained to reserve the argument that he should be sentenced to county jail under the Realignment Act (see *Shelton, supra*, 37 Cal.4th at p. 769), but nothing in the record suggests such an express or implied reservation. On the other hand, the record does reflect the parties and the court were aware of the Realignment Act, but a county jail sentence was off the table.[4] It also shows a state prison sentence was the single most important feature of the bargain from

---

[4] During the change of plea hearing, defense counsel suggested that defendant's case might be a "county prison" case, but the court said it was not.

the prosecution's point of view, even more important than the length of the sentence, of which defendant would serve no more than half.  Under these circumstances, we conclude defendant's challenge to the trial court's sentencing authority constitutes a challenge to the validity of the negotiated plea agreement. Since defendant failed to secure a certificate of probable cause, his appeal is not operative and must be dismissed.

In addition, defendant's appeal is barred for the independent reason that he executed a valid appeal waiver as part of his negotiated disposition. In *People v. Panizzon, supra,* 13 Cal.4th 68, as in this case, the defendant not only failed to obtain a certificate of probable cause to challenge the negotiated sentence, he also waived his right to appeal in his plea agreement. The Supreme Court held the defendant's challenge to the negotiated sentence was "*not reviewable on appeal because the terms of the plea bargain [i.e., the waiver] preclude any appeal of the negotiated sentence.*" (*Id.* at p. 89, italics added.) Thus, the waiver and the absence of a certificate of probable cause each independently barred the appeal. The same is true here.

## DISPOSITION

The appeal is dismissed.

_____
Dondero, Acting P.J.

We concur:

_____
Banke, J.

_____
Becton, J.*

---

* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.