[No. B002573. Second Dist., Div. Four. May 15, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
MANUEL BONILLA, Defendant and Appellant.

**COUNSEL**

Jeffrey A. Joseph, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Edward T. Fogel, Jr., and Sharlene A. Honnaka, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WOODS, P. J.**—Manuel Bonilla is appealing his conviction for assault with a deadly weapon (Pen. Code, § 245, subd. (a)) with an enhancement for intentional infliction of great bodily injury (Pen. Code, § 12022.7). He contends: I. The trial court erroneously ruled that he could be impeached with a prior conviction for assault with intent to commit rape in the event that he testified. II. Trial counsel was ineffective for failing to object to his appearing in jail clothes, failing to present any argument in mitigation at sentencing, and failing to request a limiting instruction on use of the prior felony conviction. III. The evidence was insufficient to justify his conviction.

We find no reversible error, and therefore affirm.

The evidence showed that the victim, James Miller, was at a party with his friend Quint Hester on the evening of April 16, 1983. There, Miller saw appellant, whom he did not then know, with a man named "Boo," whom Miller had occasionally seen in the past.

Miller and Hester left the party around 2:30 a.m. They saw appellant, who had a six-foot long pipe, and "Boo," who had a four-foot long stick[1] walking down the street speaking "gang talk." Miller and Hester laughed at them.

Appellant and Boo followed Miller and Hester to Miller's home. Hester went inside. Boo called Miller over and asked him for a cigarette. He gave him the cigarette and asked appellant if he wanted one, but received no answer. As Miller turned to enter the house, he saw the pipe in appellant's hands coming toward him. Appellant hit Miller several times in the head with the pipe, knocking him out.

Hester came out of the house and saw Miller lying unconscious on the ground. The police were called and Hester gave them descriptions of the two men, including their clothing.

The officers cruised the area and saw two suspects matching the description. One of those suspects was appellant. He was detained with the other man. Hester was transported to the location and identified appellant, who was arrested.

Miller subsequently identified appellant's picture from a photographic display as well as at trial. He was positive of his identification.

In his defense, appellant testified that he was at his girl friend's house at the time of the incident. While walking home he saw Boo and was standing with him and some other men when the police arrested him. He admitted on recross-examination that he had been convicted of attempted rape in 1979 or 1981.

The sister and mother of appellant's girl friend both testified that appellant was at their home at the time of the attack. In rebuttal, the investigating officer indicated he was not contacted by either witness concerning appellant's whereabouts.

Following the assault, Miller spent two weeks in a coma, and thereafter remained weakened on his entire left side.

I

Prior to trial, appellant's counsel moved that appellant not be impeached with a 1981 conviction for assault with intent to commit rape, in

---

[1] At trial, Miller gave the testimony indicated. His companion, Hester, thought that it was Boo who carried the pipe and appellant who carried the stick.

the event that he testified. (*People* v. *Beagle* (1972) 6 Cal.3d 441 [99 Cal.Rptr. 313, 492 P.2d 1].) The trial court ruled that the prior conviction was admissible due to Proposition 8. Therefore, during appellant's testimony, the prosecutor brought out that appellant had previously been convicted of a felony, which appellant identified as attempted rape.

The trial court erred in failing to exercise discretion over the use of the prior conviction for impeachment purposes. (*People* v. *Castro* (1985) 38 Cal.3d 301 [211 Cal.Rptr. 719, 696 P.2d 111].)

In *Castro,* the trial court similarly stated that it lacked discretion to prevent such impeachment following passage of article I, section 28, subdivision (f) of the California Constitution as part of Proposition 8. The Supreme Court held that a trial court's discretion under Evidence Code section 352 survives Proposition 8 and that, subject to that discretion, subdivision (f) authorizes the use of any felony conviction which necessarily involves moral turpitude, even if the immoral trait did not involve dishonesty.

■ We see no basis, and have been given none, for concluding that assault with intent to commit rape does not involve moral turpitude. We note that the *Castro* court cited as part of the "body of law" concerning which offenses involve moral turpitude an annotation at 23 A.L.R.Fed. 480 entitled "What Constitutes 'Crime Involving Moral Turpitude' Within Meaning of §§ 212(a)(9) and 241(a)(4) of Immigration and Nationality Act (8 USCS §§ 1182(a)(9), 1251(a)(4), and Similar Predecessor Statutes Providing for Exclusion or Deportation of Aliens Convicted of Such Crime." That authority states at page 567: "Rape, whether common-law or statutory, has invariably been held to be a crime involving moral turpitude; the same characterization is applied to attempted rape, assault with intent to commit rape, and similar offenses described without actual use of the word 'rape.'" We conclude that assault with intent to commit rape necessarily involves moral turpitude and is an impeachable felony under subdivision (f).

■ We further find that the error in failing to exercise any discretion on admissibility of the prior was nonprejudicial. Unlike the jury in *Castro,* the jury here did not receive the benefit of an instruction to limit use of the prior conviction to impeachment. It is also significant that both the prior and present crimes involved forms of assault. However, these factors are counterbalanced by the fact that the evidence against appellant was very strong. Both Miller and Hester were positive of their identifications, and appellant was arrested in the area and identified by Hester shortly after the incident occurred. In addition to his own testimony, appellant presented two alibi witnesses whose testimony the jury rejected. The prior conviction was not mentioned by the prosecutor in his argument to the jury.

Our review of the entire record convinces us that it is not reasonably probable that a result more favorable to appellant would have occurred in the absence of the error. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)

## II

We similarly reject appellant's three contentions regarding the ineffective assistance of counsel. (*People* v. *Pope* (1979) 23 Cal.3d 412 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1].)

■ Appellant complains that trial counsel waived his right to wear civilian clothes by failing to object to his appearing in prison clothes. (*People* v. *Taylor* (1982) 31 Cal.3d 488, 495 [183 Cal.Rptr. 64, 645 P.2d 115].) However, as respondent points out, there is nothing in the record to show whether appellant appeared in jail clothes or civilian clothes. Since the record is silent as to the factual basis for this contention, we cannot review it.

■ Appellant also contends that trial counsel's failure to present an argument in mitigation at sentencing resulted in the trial court's imposition of the upper term. It is interesting to note in this regard that the probation report indicated there were no circumstances in mitigation. Even so, trial counsel asked for imposition of the middle term because of the number of family members who were interested in appellant's welfare. Trial counsel was not required to create mitigation which did not exist.

■ Appellant also argues that trial counsel should have requested a limiting instruction on the use of the prior conviction. The record does not show why such an instruction was not requested. It may well be that trial counsel did not want such an instruction, believing that it would emphasize the prior conviction. Since the record is silent on counsel's reasoning and a satisfactory explanation exists for not making the request, the case must be affirmed on appeal. (*People* v. *Pope, supra,* 23 Cal.3d at p. 426.)

## III

There is clearly no merit to appellant's contention that the evidence against him was insufficient, in view of the unequivocal identifications by two witnesses.

The judgment is affirmed.

McClosky, J., and Dunn, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.