Filed 4/3/23  P. v. Diaz CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br> v.<br><br> ALEXIS JADE DIAZ,<br><br>  Defendant and Appellant. | F083790<br><br>(Super. Ct. No. F18901403)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County. Houry A. Sanderson, Judge.

Moran Law Firm and Amanda K. Moran for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Jeffrey A. White, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

Defendant posted advertisements on the internet for two minor girls to perform sex acts for money, drove the minors to meet with clients, and collected the fees for their services. Defendant pleaded no contest to human trafficking and dissuading a witness from prosecuting and received a sentence of 10 years in prison.

Defendant raises the following issues: (1) her plea was not voluntary, knowing, or intelligent because defendant believed she would be sentenced to a term of probation; (2) her sentence was grossly disproportionate to her culpability, as compared to that of her codefendant, and violates the prohibition on "cruel and unusual punishment" under both article I, section 17 of the California Constitution and the Eighth Amendment to the United States Constitution; and (3) she received ineffective assistance of counsel when entering her plea because counsel incorrectly advised her that she would be sentenced to probation and also at sentencing when counsel failed to file a sentencing memorandum, argue for a low term sentence pursuant to recently amended Penal Code section 1170, subdivision (b)(6),[1] and failed to argue her codefendant's probationary sentence as a mitigating factor. The People argue that defendant's claims attack the validity of her plea agreement and may not be addressed by this court because defendant failed to obtain a certificate of probable cause. We agree that defendant may not challenge the voluntariness of her plea or her 10-year sentence as cruel and unusual punishment without a certificate of probable cause and find that the record does not allow us to consider her claim of ineffective assistance of counsel during her sentencing.

**PROCEDURAL BACKGROUND**

The District Attorney of Fresno County filed a consolidated complaint on May 31, 2018, charging defendant with human trafficking a minor for a sex act (§ 236.1, subd. (c)(2); counts 1, 5), pimping a minor over 16 years old (§ 266h, subd. (b)(1);

---

[1] Undesignated statutory references are to the Penal Code.

counts 2, 6), pandering by procuring (§ 266i, subd. (b)(1); counts 3, 7) and dissuading a witness from prosecuting a crime (§ 136.1, subd. (b)(2); count 4). Defendant pleaded not guilty to the charges and denied all allegations.

The trial court granted the prosecutor's motion to amend the consolidated complaint to add count 12 that charged defendant with human trafficking in violation of section 236.1, subdivision (a). Defendant agreed to plead no contest to dissuading a witness from prosecuting a crime (§ 136.1, subd. (b)(2); count 4) and count 12.

The trial court denied probation and sentenced defendant on January 14, 2022, to the midterm of eight years in prison on count 12 and a two-year consecutive term on count 4, for a total term of 10 years. The court also ordered defendant to pay victim restitution (§ 1202.4, subd. (f)), a $3,000 restitution fine (§ 1202.4), a suspended $3,000 parole revocation restitution fine (§ 1202.45), $60 in criminal conviction assessments (Gov. Code, § 70373), and $80 in court operations assessments (§ 1465.8).

Defendant timely appealed on January 14, 2022.

## FACTS

Defendant posted pictures of a minor girl under 18 years of age on an internet website and advertised that the girl would have sex for money.[2] For approximately three weeks, defendant drove the victim to several locations where the girl engaged in sex acts in exchange for money. The police investigation uncovered evidence that defendant had earlier advertised and arranged for a second teenage victim to engage in sex acts for money. After the police arrested defendant, defendant communicated with a victim and attempted to cause the victim to hold another individual responsible for the crime.

---

[2] Our summary of the underlying facts is taken from the probation officer's report, which we only briefly describe because they are not relevant to the issues defendant raises on appeal.

3.

# DISCUSSION

## I. Defendant may not challenge the validity of her plea without a certificate of probable cause.

### A. Background

On November 3, 2021, the day after defendant's preliminary hearing commenced, the parties informed the trial court that they had reached a resolution in the matter. Defense counsel advised the court that he had spoken with defendant concerning the plea agreement and that defendant understood the terms and agreed with the outcome. The trial court amended the consolidated felony complaint to add count 12, charging human trafficking in violation of section 236.1, subdivision (a).[3]

Defendant executed a felony advisement, waiver of rights, and plea form (the form) that provided defendant would plead guilty to counts 4 and 12 and receive a maximum sentence (lid) of 12 years in prison. Defendant initialed specific provisions on the form that acknowledged she could be sentenced to a maximum term of 12 years in state prison and may be subject to sex offender registration at the discretion of the court. Defendant advised the court that she had sufficient time to review the form with her attorney, that she had signed the form, and that she had no additional questions concerning her plea.

The trial court advised defendant of her rights to an attorney, a speedy trial, to confront the witnesses against her, not to incriminate herself, and to a preliminary hearing, which defendant had acknowledged by initialing those specific provisions on the form and verbally in response to the trial court's questions. The trial court advised

---

[3] Section 236.1, subdivision (a) provides that depriving another of their personal liberty with the intent to obtain forced labor or services shall result in a prison term of five, eight, or 12 years. As mentioned previously, defendant was originally charged with two violations of section 236.1, subdivision (c)(2) (counts 1 and 5), which provides that causing a minor to engage in a commercial sex shall result in a prison term of 15 years to life if involving force, fear, or injury (among other aggravating factors). A conviction under this latter section, but not the former, mandates defendant to register as a sex offender. (§ 290, subd. (c)(1).)

4.

defendant that the charges together "carry up to 12 years in state prison. It is likely that you would be eligible for probation. We'll find out. And if you are, you're—you'll be placed on probation most likely than not," and violating probation would then result in a prison sentence of 12 years. Defendant responded that she understood. Defendant responded "yes" when the trial court asked if defendant understood that if she was "not sentenced to probation and [she was sentenced to] prison, then this lid is the 12 years." Defendant also agreed that nothing was affecting her ability to understand the proceedings and that she had not been made any promises, agreements, or threats other than what had been discussed in open court for her to plead guilty.

Defendant pleaded no contest to human trafficking and dissuading a witness from testifying and stipulated to a factual basis that included the limited testimony presented on the first day of the preliminary hearing. The trial court accepted defendant's pleas as having been freely and voluntarily given after knowingly, intelligently, and voluntarily waiving her constitutional rights. The trial court granted the prosecutor's motion to dismiss the remaining charges in the amended consolidated complaint.

Defendant timely appealed on January 14, 2022. Defendant did not complete the "Request for Certificate of Probable Cause" (§ 1237.5) and did not indicate that the "appeal challenges the validity of the plea or admission." Defendant's notice of appeal provides that her "appeal is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea."

### B. Applicable Law

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) "In general, [however,] a defendant may appeal from a final judgment of conviction, unless otherwise limited by

5.

sections 1237.1 and 1237.5." (*People v. Maultsby* (2012) 53 Cal.4th 296, 298–299, citing § 1237 & Cal. Rules of Court, rule 8.304(b).)

Section 1237.5 provides: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, … except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court." (§ 1237.5.) "The purpose for requiring a certificate of probable cause is to discourage and weed out frivolous or vexatious appeals challenging convictions following guilty and nolo contendere pleas." (*People v. Panizzon* (1996) 13 Cal.4th 68, 75 (*Panizzon*).)

Even if an appeal goes forward without a certificate of probable cause based upon claims that do not require one, the defendant may not raise additional claims that do require a certificate. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1104.) Nevertheless, there are two types of issues that may be raised on appeal following a guilty or nolo contendere plea without the need for a certificate, one of which is relevant here: issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed. (*People v. Shelton* (2006) 37 Cal.4th 759, 766 (*Shelton*); *People v. Buttram* (2003) 30 Cal.4th 773, 780 (*Buttram*).)

"In determining whether section 1237.5 applies to a challenge of a sentence imposed after a plea of guilty or no contest, courts must look to the substance of the appeal: 'the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made.' [Citation.] Hence, the critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5." (*Panizzon*, *supra*, 13 Cal.4th at p. 76.)

6.

### C.   Analysis

#### 1.   *Defendant's arguments that her plea was not knowing and voluntary and that counsel misadvised her about her plea agreement require a certificate of probable cause.*

After pleading guilty or no contest, a defendant may appeal and raise any constitutional, jurisdictional, or other ground that relates to the legality of the proceedings, but only with a certificate of probable cause. (*People v. Devaughn* (1977) 18 Cal.3d 889, 895–896 [reversing judgment where "defendants' pleas were induced by misrepresentations of a fundamental nature"].)  The introduction to defendant's opening brief raises two issues:  "(1) [defendant] was misadvised by counsel regarding the plea agreement; and (2) [defendant] misunderstood the court during" her change of plea hearing.  The People argue that both claims challenge the validity of defendant's plea. We agree.

Defendant's first argument, that her plea was not knowing and voluntary, is a challenge to the validity of her plea, relates to the legality of the proceedings, and, therefore, may not be reviewed on appeal without a certificate of probable cause.  (*People v. Mendez, supra*, 19 Cal.4th at p. 1094.)  Defendant argues that a certificate of probable cause is unnecessary because she only challenges "the sentence she received."  However, defendant concluded her opening brief with the request that we "[a]llow [her] to withdraw her no contest plea[.]"  In her reply brief, defendant attempts to avoid the need for a certificate of probable cause by arguing that her claim relates solely to the sentence she received and not the validity of the plea itself.  However, defendant cites no authority for the proposition that she would be entitled to resentencing because she misunderstood the terms of her plea and pled guilty only because she believed she would be sentenced to probation.  This argument attacks the validity of the plea and not her sentence.

Defendant also argues that her attorney provided ineffective assistance relating to the plea by misadvising her that she would receive a sentence of probation.  This claim, again, concerns a challenge to the validity of the plea.  A challenge to the propriety of a

guilty or no contest plea or admission based on a claim of ineffective assistance of counsel also requires a certificate of probable cause to be cognizable on appeal. (*In re Chavez* (2003) 30 Cal.4th 643, 651; *People v. Stubbs* (1998) 61 Cal.App.4th 243, 244–245; *People v. Cotton* (1991) 230 Cal.App.3d 1072, 1079.)

Defendant's claim that her plea was not knowing or voluntary and that portion of defendant's ineffective assistance of counsel claim that challenges counsel's advice relating to the plea itself are not cognizable by us without a certificate of probable cause and will not be reached.

### 2. *Defendant's argument that her sentence is so disproportional as to violate state and federal constitutional prohibition of cruel and unusual punishment requires a certificate of probable cause.*

Defendant also argues that her sentence was grossly disproportionate to her culpability, as compared to that of her codefendant, and violates the prohibition on "cruel and unusual punishment" and article I, section 17 of the California Constitution and the Eighth Amendment to the United States Constitution.[4] When a defendant challenges the sentence imposed after a guilty plea, we determine "whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5." (*Panizzon*, *supra*, 13 Cal.4th at p. 76.) In this case, defendant pleaded guilty to two charges that limited the maximum prison term that could be imposed to 12 years. A challenge "to the imposition of a negotiated sentence" goes to "the heart of [the] plea," and therefore constitutes a challenge to the plea itself, triggering the requirements of section 1237.5. (*Panizzon,* at p. 76.)

---

[4] The probation report indicates that a codefendant received a probationary sentence, but this fact was not raised by defense counsel during sentencing. The prosecution filed a sentencing memorandum requesting that the trial court sentence defendant to an aggregate prison term of seven years (comprised of the five-year low term as to count 12 & a two-year middle term as to count 4.) The prosecution acknowledged that the codefendant's sentence was justified by his role in providing security as distinguished from defendant's role, which was to actively induce the victims to engage in commercial sex activity, and she was "fully engaged in the pimping of two minor victims."

Our Supreme Court's holding in *Panizzon* is directly on point. Panizzon agreed to plead no contest to the charges in exchange for a specific prison sentence. (*Panizzon*, *supra*, 13 Cal.4th at p. 74.) Although the trial court sentenced Panizzon to the agreed-upon prison sentence, Panizzon appealed his sentence, contending it violated the Eighth Amendment's prohibition against cruel and unusual punishment. (*Panizzon*, at pp. 74–75.) The Supreme Court held that because Panizzon had agreed to the sentence, his challenge was, in substance, a challenge to the validity of the plea, and therefore required a certificate of probable cause. (*Id.* at p. 79.) Because Panizzon had not obtained a certificate of probable cause, the Supreme Court dismissed the appeal. (*Id.* at pp. 89–90.)

Defendant argues that her sentencing challenge does not implicate the validity of her plea because, unlike *Panizzon*, she did not agree on the specific sentence she received. Relying on *People v. Hurlic* (2018) 25 Cal.App.5th 50, defendant argues that her plea contemplated that the trial court could impose any sentence at or below the agreed-upon maximum and, therefore, she can appeal her sentence. *Hurlic* relied upon our Supreme Court's decision in *Buttram*, which had recognized that "where the parties agree to any sentence at or beneath an agreed-upon maximum, that 'agreement, by its nature, contemplates that the court will choose from among a range of permissible sentences within the maximum, and that abuses of this discretionary sentencing authority' do not attack the validity of the plea and 'will be reviewable on appeal' without a certificate of probable cause." (*Hurlic*, at p. 56, citing *Buttram*, *supra*, 30 Cal.4th at pp. 790–791.) However, unlike *Buttram*, defendant here has not "challenge[d] the exercise of individualized sentencing discretion within an agreed maximum sentence." (*Buttram*, at p. 790.)

Defendant's challenge to her sentence relates to the trial court's *authority* to impose a sentence within the sentence lid contemplated by her agreement, as was the case in *Shelton*, *supra*, 37 Cal.4th 759. In *Shelton*, Shelton pleaded to charges with a lid on the maximum custody time and the trial court sentenced Shelton to the maximum lid.

9.

(*Id*. at p. 764.) On appeal, Shelton argued that the trial court should have stayed one of the sentences pursuant to section 654 and the Court of Appeal held that no certificate of probable cause was needed because his agreement expressly permitted him to argue for a sentence less than the maximum term. (*Shelton*, at pp. 764–765.) Our Supreme Court distinguished *Buttram*, *supra*, 30 Cal.4th 773, and held that notwithstanding the provision recognizing *Shelton*'s right to argue for a lesser term, the "inclusion of a sentence lid implies a mutual understanding and agreement that the trial court has authority to impose the specified maximum sentence and preserves only the defendant's right to urge that the trial court should or must exercise its discretion in favor of a shorter term." (*Shelton*, at p. 763.) In Shelton's case, "[b]ecause the plea agreement was based on a mutual understanding (as determined according to principles of contract interpretation) that the court had authority to impose the lid sentence, defendant's contention that the lid sentence violated the multiple punishment prohibition of Penal Code section 654 was in substance a challenge to the plea's validity and thus required a certificate of probable cause, which defendant failed to secure." (*Id*. at p. 769.)

In *People v. Cuevas* (2008) 44 Cal.4th 374, Cuevas attempted to distinguish *Shelton* as involving a plea where defendant had agreed to a maximum lid on his sentence while Cuevas had pleaded open to some charges while other charges were dismissed. (*Id*. at p. 381.) Our Supreme Court emphasized, "Contrary to [Cuevas]'s contention, the presence or absence of a sentence lid does not dictate the result here. For purposes of the certificate of probable cause requirement, the critical question is whether [Cuevas]'s section 654 challenge to his sentence is in substance a challenge to the validity of his plea." (*Ibid*., citing *Shelton*, *supra*, 37 Cal.4th at pp. 766–767; see *Buttram*, *supra*, 30 Cal.4th at p. 782; *Panizzon*, *supra*, 13 Cal.4th at p. 76.) "We conclude that defendant's plea agreement did not reserve such a postplea challenge because the maximum possible sentence defendant faced was 'part and parcel of the plea agreement he negotiated with the People.' " (*Cuevas*, at p. 381.) Our Supreme Court explained that

10.

a plea provision which allowed a defendant to "argue for" a lesser term "did not reserve a right to argue that the trial court lacked *authority* to impose the specified maximum sentence." (*Id*. at p. 384, italics added.) Cuevas held that an argument that section 654 requires the trial court to stay any duplicative counts does not challenge the trial court's exercise of sentencing *discretion* but attacks the trial court's *authority* to impose consecutive terms for these counts and, therefore, "amounts to a challenge to the plea's validity, requiring a certificate of probable cause, which defendant failed to secure." (*Ibid*.)

Shelton cited with approval *People v. Young* (2000) 77 Cal.App.4th 827, a case in which Young pled no contest to all charges and admitted "strike" allegations in return for a sentence lid of 25 years to life and reservation of the right to ask the trial court to dismiss one or more of the "strikes." (*Shelton*, *supra*, 37 Cal.4th at pp. 770–771.) When the trial court declined to dismiss any of the "strikes" and imposed the lid sentence, Young argued on appeal that the sentence violated constitutional prohibitions against cruel and unusual punishment. The Court of Appeal dismissed the appeal because Young had not secured a certificate of probable cause and explained: "By arguing that the maximum sentence is unconstitutional, [Young] is arguing that part of his plea bargain is illegal and is thus attacking the validity of the plea." (*Young*, at p. 832.)

In this case, if defendant's cruel and unusual constitutional argument is found meritorious, the trial court will be unable to impose a prison sentence within the maximum lid that defendant agreed to as part of her plea because we would have decided that the sentence is unlawful under all circumstances. This argument is not a challenge to the trial court's discretion to sentence defendant within the agreed-upon maximum term and is, therefore, an " 'attack on the legality of [her] maximum sentence i[n] an effort to unilaterally improve, and thus alter, the terms of that which was agreed and thus should not be permitted without a certificate of probable cause.' " (*People v. Young*, *supra*, 77 Cal.App.4th at p. 833; cf. *People v. French* (2008) 43 Cal.4th 36, 45 [finding no

11.

certificate of probable cause required to challenge upper term sentence based upon the Sixth Amendment to the United States Constitution because validity of plea not affected where upper term sentence still permissible as long as aggravating factors were established at the sentencing hearing].)

Defendant's claim that her 10-year sentence violates the state and federal constitutional prohibitions against cruel and unusual punishment is not cognizable by us without a certificate of probable cause will not be reached.

## II. Defendant's claim that counsel was constitutionally ineffective in representing her during sentencing proceedings does not require a certificate of probable cause, but the record is insufficient to address this claim on appeal.

### A. Applicable Law and Standard of Review

"In order to establish a claim for ineffective assistance of counsel, a defendant must show that his or her counsel's performance was deficient and that the defendant suffered prejudice as a result of such deficient performance." (*People v. Mickel* (2016) 2 Cal.5th 181, 198 (*Mickel*), citing *Strickland v. Washington* (1984) 466 U.S. 668, 687– 692.) "To demonstrate deficient performance, [a] defendant bears the burden of showing that counsel's performance 'fell below an objective standard of reasonableness … under prevailing professional norms.' [Citation.] To demonstrate prejudice, [a] defendant bears the burden of showing a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (*Mickel*, at p. 198.)

"[C]ertain practical constraints make it more difficult to address ineffective assistance claims on direct appeal rather than in the context of a habeas corpus proceeding." (*Mickel*, *supra*, 2 Cal.5th at p. 198.) "The record on appeal may not explain why counsel chose to act as he or she did. Under those circumstances, a reviewing court has no basis on which to determine whether counsel had a legitimate reason for making a particular decision, or whether counsel's actions or failure to take

certain actions were objectively unreasonable." (*Ibid.*) "Moreover, we begin with the presumption that counsel's actions fall within the broad range of reasonableness and afford 'great deference to counsel's tactical decisions.' " (*Ibid.*)

"Accordingly, [our Supreme Court] ha[s] characterized defendant's burden as 'difficult to carry on direct appeal,' as a reviewing court will reverse a conviction based on ineffective assistance of counsel on direct appeal only if there is affirmative evidence that counsel had 'no rational tactical purpose' for an action or omission." (*Mickel, supra,* 2 Cal.5th at p. 198.) If the record fails to disclose why trial counsel acted or failed to act in the manner challenged, the ineffective assistance of counsel claim must be rejected unless counsel was asked for, and failed to provide, an explanation or there could be no plausible explanation. (*People v. Pope* (1979) 23 Cal.3d 412, 426, overruled on another ground in *People v. Berryman* (1993) 6 Cal.4th 1048, 1081, fn. 10, overruled on another ground in *People v. Hill* (1998) 17 Cal.4th 800, 823, fn. 1.)

### B. Analysis

Defendant argues that her counsel provided ineffective assistance relating to her sentencing proceedings in that he failed to: (1) file a sentencing memorandum even though the prosecutor advocated for an upper term sentence,[5] (2) argue for a low term sentence (§ 1170, subd. (b)(6)), and (3) argue the codefendant's probationary sentence was a mitigating factor.

Defense counsel did not file a sentencing memorandum, and the record does not indicate any reasons for not doing so. But the People's sentencing memorandum and the probation report both recognized that defendant was eligible for probation and that she had no prior criminal record, which the probation officer listed as a mitigating factor.

---

[5] Defendant is incorrect as the prosecutor's sentencing memorandum requested a low term sentence on the principal charge.

Thus, the trial court was aware of all relevant sentencing factors, and defense counsel orally argued that defendant be sentenced to probation.

Based upon this record, defendant has failed to demonstrate that the failure to file a sentencing memorandum alone was sufficient to prejudice defendant. Central to defendant's argument that counsel should have argued for a low term sentence and filed a sentencing memorandum is her contention that she was previously the victim of sex trafficking. Defendant claims that defense counsel was ineffective in failing to argue that age and victim status contributed to the commission of the offense and justified either a probation or low term sentence. However, defendant provides no citation to the record in support of her argument, and we could find nothing in the record to support defendant's assertion that she was a "victim of sex work and trafficking." If defendant was not a victim of sex work and trafficking, then counsel was not ineffective in failing to argue this point to the trial court and defendant has not been prejudiced by such a failure. (See, e.g., *People v. Bonilla* (1985) 168 Cal.App.3d 201, 206 [finding that silent record on reasons counsel failed to request a limiting instruction, the case must be affirmed on appeal].)

Defense counsel orally argued that defendant should receive a probationary sentence and no prison term but did not argue for a low term prison sentence based upon defendant's age (see § 1170, subd. (b)(6)). The record does not reflect why defense counsel limited his arguments to a probationary sentence. However, as the People point out, the record contains no information relating to the reasons behind defense counsel's decision not to request the lower term or to argue the facts as related to section 1170, subdivision (b)(6), and defense counsel could have made a tactical decision that arguing for a prison term would have dissuaded the trial court from granting probation in lieu of that lower term.

Because these claims require consideration of facts outside the record on appeal, we decline to consider their merits here. (*People v. Mendoza Tello* (1997) 15 Cal.4th

264, 267.) They are more appropriately raised in a petition for writ of habeas corpus. (*People v. Wilson* (1992) 3 Cal.4th 926, 936.)

Accordingly, we conclude that defendant is not entitled to reversal of the judgment on the ground that defense counsel rendered ineffective assistance during her sentencing proceeding.

## DISPOSITION

The judgment is affirmed.

HILL, P. J.

WE CONCUR:


FRANSON, J.


SMITH, J.